Matthew Sutton, OSB# 92479
Attorneys at Law
205 Crater Lake Avenue
Medford, OR 97504
Telephone (541) 772-8050
msutt@uci.net

Attorney for Capital Financial Services, LLC

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In Re: ) Case No. 07-62298-fra13
)
CYNTHIA LEE ODIN, ) **OBJECTION TO P0ST CONFIRMATION**
) **AMENDMENT OF PLAN**
Debtor )

  Capital Financial Services, LLC. ("Objector"), makes the following objections in response to the Notice of Post-Confirmation Modification of Plan dated April 29, 2010:

  1. Objector is a fully secured creditor who provided purchase money financing for Debtor's vehicle, a 2005 Sunrise. As such, Objector is entitled to full payment on its claim pursuant to the "hanging paragraph" of BAPCPA, 11 USC §1325(a). Accordingly, the plan must provide for Objector's claim to be paid in full. §18.59A, Bankruptcy Law, p. 18-47, OSB CLE (2007).

  2. Objector objected to Debtor's previous proposed modified plan in March of 2008 since it did not provide for full payment of Objector's claim. As a result, Debtor agreed to revise the plan to provide full payment by increasing payments to Objector

Page 1 -OBJECTION TO P0ST CONFIRMATION AMENDMENT OF PLAN

**MATTHEW SUTTON**
**Attorney at Law**
**205 Crater Lake Avenue, Medford, OR 97504**
**Telephone: (541) 772-8050 • Fax: (541) 772-8077**

Case 07-62298-fra13    Doc 51    Filed 05/04/10

once an additional $1,629.59 in attorney fees were paid off. But now that the attorney fees have been paid in full, Debtor is proposing a further modification that would pay Objector nothing and simply surrender the vehicle. This sequence of events amounts to an "end run" around the requirement to pay secured creditors concurrently with administrative expenses. In re Sanchez, 384 BR 574 (Bankr D Or 2008) (citing §507(a)(2); §1326(b)(1) (holding that administrative expense claimants are entitled to be paid concurrently with, rather than before, non-administrative claims)

    3. Since the Debtor has now had the use of the vehicle for approximately 3 years during the bankruptcy, it has surely depreciated in value significantly. As such, although objector could proceed to sell the surrendered vehicle, a deficiency would likely result. However, Debtor's latest proposed revision does not provide for any payment to Objector for the deficiency. As such, it does not provide for full payment of Objector and is therefore not a valid plan. 11 USC §1325(a); §18.59A, Bankruptcy Law, p. 18-47, OSB CLE (2007).

    4. If the resulting deficiency is deemed an unsecured claim, the modified plan provides that it will receive 0% of that claim. If it is treated as secured, the plan is silent on how Debtor intends to pay the deficiency.

    5. The Trustee has a motion to dismiss pending which should be granted.

    Dated: May 4, 2010.

By:  /s/ Matthew Sutton
Matthew Sutton, OSB# 92479
Attorney for Capital Financial

Page 2 - OBJECTION TO P0ST CONFIRMATION AMENDMENT OF PLAN

**MATTHEW SUTTON**
Attorney at Law
205 Crater Lake Avenue, Medford, OR 97504
Telephone: (541) 772-8050 • Fax: (541) 772-8077

Case 07-62298-fra13   Doc 51   Filed 05/04/10