UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 07-62298-fra13 |
| CYNTHIA LEE ODLIN, ) | |
| Debtor. ) | MEMORANDUM OPINION |
| _____ ) | |

    Debtor filed an amended post-confirmation chapter 13 plan, proposing to surrender a vehicle securing a claim by Capital Financial Services, LLC (hereinafter "Capital Financial") and discontinuing payments on Capital Financial's secured claim. For the reasons that follow, I find that the amended chapter 13 plan was not proposed in good faith and the plan as filed cannot be confirmed.

## I. FACTS

    Debtor purchased a 2005 Pontiac from Butler Automotive. The purchase was financed by Capital Financial, which acquired the note and security interest from Butler.

    Debtor filed her chapter 13 petition for relief on August 13, 2007. Her original plan proposed to pay $6,000 to Capital Financial, with interest at 9% per annum, at the rate of $100/month for 24 months, and

Page 1 - Memorandum Opinion

$200/month thereafter for the duration of the plan. The order confirming the plan amended the amount to be paid to $11,735, and provided for payments of $100 per month for 24 months, and $400 per month thereafter. On March 19, 2008, Debtor proposed a post-confirmation modification of the plan which sought to modify the treatment of Capital Financial's claim by providing for equal monthly payments of $180 per month. Capital Financial objected, asserting that $180 per month was insufficient to satisfy its claim. The dispute was settled and a stipulated order was submitted providing for $100 per month payments, increasing to "all available funds after attorney fees paid."

On April 29, 2010, Debtor filed yet another post-confirmation amended plan, proposing to surrender the 2005 Pontiac Sunfire to Capital Financial in full satisfaction of the creditor's secured claim. Capital Financial has objected to confirmation of the April 29 amended plan.

At the hearing on August 10, Capital Financial presented evidence that the vehicle had, since it was acquired by the Debtor, suffered significant damage over much of its exterior. The interior was described as "trashed." Of particular concern was the fact that the car's digital dashboard was not functional, making it impossible to ascertain the car's mileage. In the view of the creditor's witness, the vehicle would not bring more than $500 if repossessed and sold. There was also evidence that the Debtor had allowed the insurance required by the contract to lapse. No evidence was presented explaining what caused the damage.

After testimony was closed at the August 10 hearing, the parties presented their arguments. Capital Financial raised the issue of

Page 2 - Memorandum Opinion

good faith, which was objected to by Debtor's counsel on the ground that it had not been raised prior to the hearing.  Debtor was given two weeks to brief the issue of good faith and any additional issues and Capital Financial was given one week to file a response.

## II. DISCUSSION

Modification of a chapter 13 plan of reorganization after confirmation is governed by 11 U.S.C. § 1329[1], which provides in relevant part:

> (a) At any time after confirmation of the plan but before completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to –
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan;
> * * *
> (b) (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
> * * *

Section 1322 governs the contents of a plan and provides mandatory requirements in subsection (a) and allowable discretionary actions in subsection (b). Section 1325(a) provides requirements for confirmation of a plan of reorganization and at subsection (a)(3)

---

[1] Hereinafter, reference to § or Code § shall refer to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, unless otherwise specified.

Page 3 - Memorandum Opinion

requires that "the plan has been proposed in good faith and not by any means forbidden by law."

There are two lines of cases dealing with the issue of plan modification which provides for post-confirmation surrender of collateral and replacement of the formerly secured claim with a possible unsecured deficiency claim. One line of cases is exemplified by <u>Chrysler Financial Corp. v. Nolan</u>, 232 F.3d 528 (6th Cir. 2000). That court held that: (1) § 1329(a) does not expressly allow the debtor to alter, reduce, or reclassify a previously allowed secured claim; (2) the proposed modification would violate § 1325(a)(5)(B), which mandates that a secured claim is fixed and must be paid in full once it is allowed; (3) the proposed modification would contravene § 1327(a)[providing for the binding effect of a plan] by giving the debtor the option of shifting the burden of depreciation to the secured creditor; and (4) if such an interpretation were approved, it would put the secured creditor in the inequitable position where it could not propose a modification if its collateral appreciated, but debtor could reclassify or revalue the claim if the collateral depreciated. <u>See also</u>, <u>In re Holt</u>, 136 B.R. 260 (Bankr. D. Idaho 1992)(return of vehicle not an allowed modification)

Another line of cases holds that a plan may be modified to provide for surrender in full satisfaction of a secured claim. <u>See</u> <u>Bank One NA v. Leuellen</u>, 322 B.R. 648 (S.D.Ind. 2005)(modification allowed if the statutory requirements of § 1325(a) are complied with); <u>In re Ward</u>, 348 B.R. 545 (Bankr. D. Idaho 2005)(modification allowable). Debtor argues that the Court should adopt this second line of cases, and especially the reasoning in <u>In re Berendt</u>, Case 07-35054-elp13 (Bankr.

Page 4 - Memorandum Opinion

D.Or. 9/22/08), an unpublished letter opinion originating within this district. The Berendt decision is well-reasoned and cites the Bank One NA v. Leuellen opinion, cited above, as particularly persuasive. The Bankruptcy Court held in Berendt that there was no impediment to modification of a confirmed chapter 13 plan to provide for surrender of collateral in full satisfaction of a secured claim. The Court agreed with those courts which hold that the "creditor's interests are protected at initial confirmation by the requirement of adequate protection and at modification by the bankruptcy court's discretion to deny confirmation if the debtors have acted in other than good faith with regard to the collateral."

"In the Ninth Circuit, good faith requires an analysis of the totality of the circumstances and an inquiry into whether debtors have misrepresented facts, unfairly manipulated the Code, or otherwise made their proposals in an inequitable manner." In re Ward 348 B.R. at 551 (citing Goeb v. Heid (In re Goeb), 675 F.2d 1386 (9th Cir. 1982)). The circumstances of this case with respect to Capital Financial's collateral require a finding that the modified plan was not proposed in good faith.

At the time the initial Plan was confirmed, Capital Financial acquiesced to the Plan as amended in the Order Confirming Plan (entered November 13, 2007): a secured claim in the amount of $11,735, post-confirmation interest at 9%, and monthly payments of $100 for the first 24 months and $400 per month thereafter (payment later amended to $100 and increasing to all available funds after payment of attorney fees). Approximately 2 ½ years later, after allowing the vehicle to suffer sufficient damage to reduce its wholesale value to $500 and allowing her

Page 5 - Memorandum Opinion

insurance to lapse, Debtor proposes to surrender the vehicle to the creditor in full satisfaction of creditor's secured claim. To the extent that a creditor can be said to be responsible at initial confirmation for the protection of its interest in the collateral by insisting on sufficient adequate protection payments, a creditor is not, and should not be, responsible for uncompensated destruction of its collateral beyond that which could be expected and planned for at initial confirmation.

### III. CONCLUSION

A post-confirmation modified plan filed under § 1329 must comply with the requirements of § 1325(a), including subsection (a)(3) which requires that the plan be proposed in good faith. Under the totality of the circumstances described herein, the Court finds that the modified plan was not proposed in good faith and confirmation of the modified plan must be denied. The Court will enter an order to that effect.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 6 - Memorandum Opinion